NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————————

**ERIC LEMOINE, TTC PERFORMANCE PRODUCTS, INC., DBA BLACK ACES TACTICAL,**
*Plaintiffs-Appellants*

**v.**

**MOSSBERG CORPORATION, O.F. MOSSBERG & SONS, INC.,**
*Defendants-Appellees*

———————————————

2020-2140

———————————————

Appeal from the United States District Court for the District of Connecticut in No. 3:18-cv-01270-KAD, Judge Kari A. Dooley.

———————————————

Decided:  September 15, 2021

———————————————

LOU GIGLIOTTI, JR., Louis R. Gigliotti, PA, Hollywood, FL, for plaintiffs-appellants.

JASON STEWART JACKSON, Kutak Rock LLP, Denver, CO, for defendants-appellees.  Also represented by CHAD T. NITTA.

———————————————

Before LOURIE, O'MALLEY, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

Appellants, Eric Lemoine and TTC Performance Products, Inc. d/b/a Black Aces Tactical, appeal from a stipulated judgment of noninfringement following a claim construction order by the United States District Court for the District of Connecticut. Because we discern no error in the district court's claim construction, we affirm.

## BACKGROUND

U.S. Patent 8,756,846 (the '846 Patent) discloses a "shotgun magazine receiver assembly" that "relates generally to shotguns and, more particularly to a retrofit magazine receiver for use with a conventional shotgun" that "allow[s] a user to rapidly fire and reload ammunition via a removable 'box' style magazine." '846 Patent col. 1 ll. 6–8, 34–35.

The only disputes at issue on appeal relate to the preamble of claim 1, which is reproduced below:

> A shotgun magazine receiver assembly for converting a conventional shotgun having a trigger assembly and barrel into a magazine loaded shotgun, said receiver assembly comprising:

*Id.* col. 7 ll. 20–23.

On April 20, 2015, Appellants, Eric Lemoine and TTC Performance Products, Inc. d/b/a Black Aces Tactical (collectively Lemoine), filed suit in the District of Connecticut alleging that Appellees, Mossberg Corporation and OF Mossberg & Sons, Inc.'s (collectively Mossberg), infringe the '846 Patent based on its alleged making, offering for sale, and selling of its Model 590M box-style removable magazine shotgun. J.A. 25. On June 16, 2020, the district court issued a claim construction order determining that (1) the preamble of claim 1 of the '846 Patent is limiting, (2) "conventional shotgun" means "a traditional shotgun

that does not accept a removeable box magazine," and (3) "for converting a conventional shotgun" means "for retrofitting a conventional shotgun after original manufacture." J.A. 7–20.  Because it is undisputed that Mossberg incorporates the box-style magazine of the Model 590M during the original manufacture, the parties stipulated to a judgment of noninfringement of all claims of the '846 Patent. J.A. 2–5.  On July 20, 2020, the district court entered its final judgment, adopting the parties' stipulation.  J.A. 1.

Lemoine appeals, arguing that the district court erred in its claim construction order.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## STANDARD OF REVIEW

Claim construction is an issue of law that we review de novo.  *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 325–26 (2015).  We review the district court's underlying factual findings for clear error.  *Id.* at 322.  "[W]hen the district court reviews only evidence intrinsic to the patent (the patent claims and specification, along with the patent's prosecution history), the judge's determination will amount solely to a determination of law," which we review de novo.  *Id.* at 331.

## DISCUSSION

Lemoine contends that the district court erred by "inappropriately impos[ing] limitations on the '846 Patent at claim construction, rendering the '846 toothless against manufacturers who simply 'convert' existing models at the manufacturing stage" as opposed to "after original manufacture."  Appellant's Br. 3–4.  More specifically, Lemoine argues that the district court erred in construing the preamble phrase "for converting a conventional shotgun" to mean "for retrofitting a shotgun after original manufacture."  *Id.* at 4, 23.  Lemoine also requests that the case be remanded with a requirement that "for converting a conventional shotgun" be construed to mean "regardless of

whether the modification is made by a manufacturer in its factory or by an owner of an existing conventional shotgun." *Id.*

Mossberg responds that the district court's construction of the preamble phrase "for converting a conventional shotgun" represents the ordinary meaning of that phrase in view the intrinsic and extrinsic evidence and should be affirmed. Appellees' Br. 12. Mossberg also contends that Lemoine waived its right to challenge the district court's determination that the preamble of claim 1 is limiting by failing to meaningfully raise that issue before the district court or in its opening brief on appeal. *Id.* at 11–12.

First, as to whether claim 1 of the '846 Patent is limiting, we agree with the district court and Mossberg that it is not entirely clear that Lemoine ever actually pulled the trigger in arguing that the preamble is not limiting. *See, e.g.*, J.A. 7 n.5. Nonetheless, we determine that it is.

The purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370, (1996). If a preamble is limiting, it becomes part of the claim. *Eaton Corp. v. Rockwell Int'l Corp.*, 323 F.3d 1332, 1339 (Fed. Cir. 2003). Whether a preamble is limiting is "determined on the facts of each case in light of the overall form of the claim, and the invention as described in the specification and illuminated in the prosecution history." *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1572–73 (Fed. Cir. 1996). Generally, the preamble does not limit the claims. *Georgetown Rail Equip. Co. v. Holland L.P.*, 867 F.3d 1229, 1236 (Fed. Cir. 2017). However, a preamble may be limiting if it recites essential structure or steps, or if it is necessary to give life, meaning, and vitality to the claim. *Pitney Bowes, Inc. v. Hewlett–Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999).

Here, the district court correctly held that the preamble of claim 1 of the '846 Patent is limiting because it provides important context for the nature and structure of the invention being claimed, and that without the context provided by the preamble it is difficult to make sense of the claims. J.A. 12–16. For example, the preamble introduces the terms "shotgun magazine receiver assembly" and "conventional shotgun" and details the relationship between those terms, namely that the claimed invention is a "shotgun magazine receiver assembly" for "converting a conventional shotgun." Without this context, it is difficult to make sense of the later disclosure of "mating," "receiving," or "communicating" the claimed invention to or with components of a "conventional shotgun.". Further, as discussed in more detail below, the specification repeatedly discloses that the claimed invention is a retrofit kit for existing conventional shotguns. *See* '846 Patent col. 1 ll. 1–3; *see also id.* col. 1 ll. 46–47. If the preamble was not limiting, these disclosures would be rendered meaningless.

Having determined that the preamble of claim 1 of the '846 Patent is limiting, we next set our sights on the proper construction of the preamble phrase "for converting a conventional shotgun." We determine that the district court correctly construed this phrase to mean "for retrofitting a conventional shotgun after original manufacture."

A claim should be construed in a manner that is consistent with the patent's specification. *Markman*, 52 F.3d at 979 ("Claims must be read in view of the specification, of which they are a part."). Typically, the specification is the best guide for construing the claims. *See, e.g.*, *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) ("[T]he specification is always highly relevant to the claim construction analysis. Usually, it is dispositive; it is the single best guide to the meaning of a disputed term.").

When the specification describes the features of the "present invention" as a whole, this description limits the

scope of the invention. *Honeywell Int'l, Inc. v. ITT Indus.*, 452 F.3d 1312, 1318–19 (Fed. Cir. 2006). Here, the specification quite clearly characterizes the present invention as a "retrofit" conversion kit for use with an "existing" conventional shotgun. '846 Patent col. 1 ll. 1–3 ("The present invention relates generally to shotguns and, more particularly to a *retrofit* magazine receiver for use with a conventional shotgun.") (emphasis added); *see also id.* col. 1 ll. 46–47 ("[T]he present invention is designed to be incorporated into *existing* shotguns.") (emphasis added).

The specification also discloses that the invention allows a "shotgun owner," not a manufacturer, to "upgrade" the receiver assembly of an existing conventional shotgun. *See id.* col. 1 ll. 35–41 ("[M]any shotgun owners often choose to upgrade their existing weapons with new stocks and barrels as opposed to purchasing a new weapon. Accordingly, it would be beneficial to provide a shotgun magazine receiver assembly which can replace the stock receiver of an existing shotgun to allow a user to rapidly fire and reload ammunition via a removable 'box' style magazine.").

Lemoine argues that these disclosures are merely exemplary and should not be read as limiting. In support, Lemoine points to common broadening language in the specification which states, for example, that:

> detailed embodiments of the present invention are disclosed herein; however, it is to be understood that the disclosed embodiments are merely exemplary of the invention which can be embodied in various forms.

*Id.* col. 2 ll. 44–47. But as the district court correctly noted, the specification makes clear that this language is meant to ensure that the invention is broad enough to be used with different types and models of shotguns, not in different phases of production. *See, e.g., id.* col. 2 l. 64–col. 3 l. 9 ("As described herein, the term 'shotgun' can refer to

virtually any type and manufacturer of semi-automatic and/or shotguns. . . .  Although illustrated in use with a MOSSBERG 500 shotgun, it is to be distinctly understood that the present invention has broader applications, and is equally applicable for use on many other shotguns without undue experimentation and without departing from the invention claimed.").  Moreover, neither the specification nor the claims include a single reference to the use of the claimed invention to manufacture a newly designed, or redesigned, shotgun with a box-style magazine.

In light of these disclosures, we determine that the district court correctly held that a person of ordinary skill in the art, having read the claims in light of the specification and intrinsic record, would understand that within the meaning of the claims, "for converting a conventional shotgun" means "for retrofitting a conventional shotgun after original manufacture."

## CONCLUSION

We conclude that the district court's determination that the preamble of claim 1 of the '846 Patent is limiting was on target, and that it correctly construed the preamble phrase "for converting a conventional shotgun," to mean "for retrofitting a conventional shotgun after original manufacture."  Accordingly, we affirm.

**AFFIRMED**